# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Peter Rickmyer,                                    Civil No. 14-CV-614 (SRN/SER)

        Plaintiff,

                                  MEMORANDUM OPINION
                                     AND ORDER

v.

Michael Jungers, in his individual and
official capacity with ABM Security Services,
Inc., Troy Walker, in his individual capacity, and
in his capacity as a Minneapolis Police
Officer, Bruce Johnson, in his individual capacity,
and in his capacity as a Minneapolis Police Officer,
ABM Security Services, Inc., a/k/a American
Building Maintenance Industries, Inc., and
City of Minneapolis,

        Defendants

---

Peter Rickmyer, 2118 25th Ave. N., Minneapolis, MN 55411, *Pro Se*

---

SUSAN RICHARD NELSON, United States District Court Judge

       This matter is before the Court on the Report and Recommendation ("R&R") of

Magistrate Judge Steven R. Rau, dated July 14, 2014 [Doc. No. 15]. Plaintiff Peter

Rickmyer filed timely Objections to the R&R [Doc. No. 16]. In the R&R, Magistrate

Judge Rau addressed Plaintiff's *in forma pauperis* application ("IFP application") [Doc.

No. 2], recommending that this action be dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii), and Rickmyer's IFP application be denied as moot.

1

According to statute, the Court must conduct a *de novo* review of any portion of the Magistrate Judge's opinion to which specific objections are made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); see also Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).  Based on that *de novo* review and for the reasons set forth below, the R&R is adopted as modified, by requiring a limited restriction.

## I.     BACKGROUND

Plaintiff filed a previous lawsuit, Rickmyer v. Walker, involving many of the same facts of this case.  (See No. 13-CV-1161 (JRT/SER) ("the Walker case")).  In that case, Rickmyer alleged that the defendants violated the Americans with Disabilities Act ("ADA") and his constitutional rights under 42 U.S.C. §§ 1983, 1985, and 1988.  (Compl., Walker, No. 13-CV-1161 (JRT/SER) [Doc. No. 1].)  Walker involved two separate events, one of which forms the basis for this lawsuit.  In Walker, Rickmyer alleged that Minneapolis Police Officers Troy Walker and Bruce Johnson unlawfully deprived him of access to certain parking garages and skyways on May 14, 2013.  (Id.)  As in this case, Magistrate Judge Rau recommended that the Walker action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.  (R&R, Walker, 13-CV-1161 (JRT/SER) [Doc. No. 29].)   After Rickmyer filed a notice of voluntary dismissal on June 7, 2013, the Court dismissed the Walker case without prejudice on June 14, 2013.  (Order Dismissing Case, Walker, 13-CV-1161 (JRT/SER) [Doc. No. 32].)

Rickmyer filed this lawsuit on March 6, 2014, alleging violations of the ADA, the

Minnesota Human Rights Act ("MHRA"), and 42 U.S.C. §§ 1983, 1985, and 1986

(Compl. [Doc. No. 1]), and he simultaneously filed an IFP application. This suit is

brought against Walker and Johnson, ABM Security Officer Michael Jungers, ABM

Security Services, Inc., and the City of Minneapolis.  Plaintiff alleges that on May 14,

2013, Defendants deprived him of access to certain parking garages, waiting areas,

elevators, skyways, and public transportation.  He filed an Amended Complaint on March

14, 2014 [Doc. No. 7].  The Amended Complaint was Rickmyer's third pleading

concerning the underlying events of May 14, 2013, considering his Complaint in <u>Walker</u>,

the original Complaint in this case, and the Amended Complaint.

On April 21, 2014, Magistrate Judge Rau issued an order in which he deferred

ruling on Rickmyer's IFP application.  Citing 28 U.S.C. § 1915(e)(2)(B)(ii), Magistrate

Judge Rau found the complaint fatally defective because Rickmyer did not adequately

describe the facts on which his claims were based:

> Plaintiff repeatedly alleges that Defendants "trespassed" him because he is
> disabled.  He seems to believe that this assertion is self-explanatory, but it is
> not.  Plaintiff has not adequately explained the specific nature of his alleged
> disabilities, and he has not described any facts to support his conclusory
> assertion that Defendants mistreated him because of his alleged disabilities.
> More significantly, Plaintiff has not adequately explained how Defendants
> allegedly mistreated him. Plaintiff's anomalous use of the word "trespass"
> throughout his complaint makes it impossible to understand what
> Defendants actually did that supposedly violated Plaintiff's rights under the
> various federal and state laws cited in his complaint.

(Am. Order of 4/21/14 at 2-3 [Doc. No. 12].)  Magistrate Judge Rau ordered Rickmyer to

submit a new pleading by June 2, 2014 that corrected these deficiencies, warning that if Rickmyer failed to do so, a recommendation of dismissal without prejudice would result. (Id. at 3-4.)

Rickmyer filed the Second Amended Complaint on May 22, 2014 [Doc. No. 13] – his fourth pleading involving the May 14, 2013 alleged incident.  Magistrate Judge Rau issued the R&R on July 14, 2014, finding that Rickmyer's amended pleading failed to cure the deficiencies and that Rickmyer therefore failed to state a claim on which relief could be granted.  (R&R at 13 [Doc. No. 15].)  Moreover, the magistrate judge noted that Rickmyer's voluntary dismissal of the Walker action, followed by the initiation of the instant action, suggested an attempt to manipulate the judicial process.  (Id. at 12.)[1]  In addition, Magistrate Judge Rau took judicial notice of a standing order regarding Rickmyer in Hennepin County District Court, In re the Matter of Peter Rickmyer, Hennepin Cnty., Minn. (June 19, 2012), in which that court prohibited Rickmyer from filing documents in open cases unless signed by a licensed attorney, and from filing any documents in closed cases unless approved by the chief judge of that court.  (Id.) Magistrate Judge Rau noted that "[a]lthough Rickmyer has not reached that level yet in this District, the Court is concerned that his voluntary dismissal of both the Walker case

---

[1]  As the magistrate judge noted, Rickmyer similarly filed a notice of voluntary dismissal in another case in December 2013, Rickmyer v. Jordan Area Community Council (the "JACC" case), No. 13-CV-2900 (JNE/JJG [Doc. No. 12], after the magistrate judge in that case recommended dismissal without prejudice.  After that case was dismissed without prejudice, Rickmyer filed a case closely related to the JACC case, Rickmyer v. Browne, 13-CV-559 (SRN/LIB), in March 2013.

and the <u>JACC</u> case following the magistrate judges' reports and recommendations indicate a lack of respect for the Court's limited resources." (<u>Id.</u> at 12-13.)

In his July 28, 2014 Objections to the R&R, Rickmyer maintains that he tried to address the deficiencies in his pleadings. (Objections at 2 [Doc. No. 16].) He notes that he submitted a Second Amended Complaint in which he attempted to explain the nature of his disability, describe the factual and legal bases for his claims, allege specific facts to support his claim of mistreatment due to disability, and explain the actions or inactions of each Defendant in violation of the law. (<u>Id.</u>) In addition, Rickmyer objects to this Court taking judicial notice of the Hennepin County order, arguing that the Hennepin County ruling was based on fraud. Rickmyer requests an evidentiary hearing to determine whether this Court should acknowledge the Hennepin County order. (<u>Id.</u> at 3-4.) In connection with this request, Rickmyer also moves to supplement the pleadings with various documents related to his litigation in Hennepin County. (Pl.'s Mot. for Leave of Court to Supplement the Pleadings [Doc. No. 17].) As to the sufficiency of his pleadings in this action, after filing his Objections to the R&R, Rickmyer submitted a Proposed Third Amended Complaint – his fifth pleading with respect to the claims at issue – for which he seeks the Court's leave to file. (Pl.'s Mot. for Leave to Supplement the Pleadings [Doc. No. 18].)

## II.    DISCUSSION

As the R&R correctly states, if an IFP applicant files a complaint that fails to state a cause of action upon which relief may be granted, the Court may dismiss the action. 28

U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). This Court has noted that because the language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), the Court applies Rule 12(b)(6) standards when evaluating dismissals under § 1915(e)(2)(B)(ii). Washington v. Vaghn, No. 14-CV-525 (JRT/JSM), 2014 WL 3687240, at *3-4  (D. Minn. July 24, 2014) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); Atkinson, 91 F.3d at 1128-29 (applying standard of review for failure to state a claim under Rule 12(b)(6) applicable at the time to a dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)). When evaluating a complaint under Rule 12(b)(6), the Court assumes the facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). While a *pro se* complaint must be liberally construed, Atkinson, 91 F.3d at 1129 (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

The R&R addressed the adequacy of Rickmyer's claims in the Second Amended Complaint [Doc. No. 13].  Because Rickmyer has attempted to correct the pleading deficiencies in his Proposed Third Amended Complaint [Doc. No. 18-1], the Court examines that pleading to determine whether it survives the Rule 12 standard of review.

The Proposed Third Amended Complaint primarily differs from the Second Amended Complaint in two respects: (1) Plaintiff has added four paragraphs asserting additional facts concerning Defendants' alleged unlawful actions (Proposed Third Am. Compl. ¶¶ 3-6 [Doc. No. 18-1]); and (2) Plaintiff has added three paragraphs noting three occasions on which he entered Ramps A, B, and C on July 10 and 14, 2014 (id. ¶¶ 30-32).[2]  As to the first category of additional allegations, Plaintiff asserts:

> 3.  It is alleged that Defendants Jungers, Walker and Johnson unlawfully discriminated against Plaintiff Peter Rickmyer on May 14, 2013 by preventing plaintiff from accessing the escalator and prohibiting me from the skyway in the 7th Street Garage, by using his expression caused by pain due to degenerated disks in lower lumbar and cervical, further used my disability in communication to pretend Rickmyer was insulting them.
>
> 4.  It is alleged that Defendants Jungers, Walker and Johnson actions [sic] humiliated me by mocking, refused me access to the waiting area for public transportation at 5th and 7th [S]treet [G]arages, escalator to skyway and skyway adjacent to A, B and C garages.  Further, forced me to depart from public transportation on Twins Way and 7th Street and 3rd and Washington Avenues North, as a result it was unequal and substandard service to me as compared to other similarly situated customers, civilians and pedestrians.
>
> 5.  It is alleged that Defendant Walker and Johnson set out to harm me on May 14, 2013 because Plaintiff Peter Rickmyer successfully negotiated a settlement agreement on with [sic] City of Minneapolis and their boss

---

[2]  Any other differences between the two pleadings are relatively minor.

Michael Martin and their fellow officers Newman, Pucely, Olson, and Bartholomew on or about February 13, 2013 and Judge Bush signed off on it April 13, 2013. . . .

6.  It is alleged that Defendant Jungers directed Minneapolis Police Officers Walker and Johnson to prohibit Rickmyer from entering the A, B, and C Garages and adjacent Skyways [s]o to prevent Plaintiff from observing the ADA violations in A, B, and C Garages and therefore preventing Plaintiff from exercising "Protected Speech".

(Id. ¶¶ 3-6.)

As to the second category of additional factual allegations in the Proposed Third Amended Complaint, Rickmyer asserts the following:

30.  Plaintiff Peter Rickmyer entered the C Ramp on or about July 10, 2014 and sent a request to the City of Minneapolis council, Wards II and VI. (See Plaintiffs's Exhibit E, page 43);

31.  Plaintiff Peter Rickmyer entered the B Ramp on or about July 14, 2014 and sent a request to the City of Minneapolis council, Wards II and VI. (See Plaintiffs's Exhibit D, page 42);

32.  Plaintiff Peter Rickmyer entered the A Ramp on or about July 10, 2014 and sent a request to the City of Minneapolis council, Wards II and VI. (See Plaintiffs's Exhibit C, pages 40-41).

(Id. ¶¶ 30-32.)

## A.    ADA and MHRA Claims Based on Disability Discrimination

Counts I, II, and III in Plaintiff's Proposed Third Amended Complaint appear to be identical to the same counts asserted in his Second Amended Complaint.  (Cf. Proposed Third Am. Compl. ¶¶ 43-78 [Doc. No. 18-1] with Second Am. Compl. ¶¶ 40-75 [Doc. No. 13].)  Rickmyer asserts public accommodations discrimination claims under Title III of the ADA, 42 U.S.C. § 12181 (Counts I & II), and the MHRA, Minn. Stat. § 363A.11

(Count IV), as well as a retaliation claim under the ADA, 42 U.S.C. § 12203 (Count III).

Title III of the Americans with Disabilities Act ("ADA") provides:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of specified public transportation services provided by a private entity that is primarily engaged in the business of transporting people and whose operations affect commerce.

42 U.S.C. § 12184(a).  A claimant under the ADA must demonstrate that he is disabled by showing that he has (1) a physical or mental impairment that substantially limits one or more life activities; (2) a record of such impairment; or (3) is regarded as having such an impairment.  42 U.S.C. § 12102(1).

As the magistrate judge noted, Rickmyer alleges that he is "physically disabled due to [h]ammer toe, degenerated disks in cervical spine, and lower lumbar."  (R&R at 6 [Doc. No. 15] (citing Second Am. Compl. ¶ 16 [Doc. No. 13]); see also Proposed Third Am. Compl. ¶ 21 [Doc. No. 18-1].)  He alleges that his physical conditions cause pain, which causes him to make certain facial expressions.  (Id.)  In addition, Rickmyer alleges that he has "limited language abilities due to cognitive deficits."  (Id.)  Rickmyer, however, does not allege that his disabilities substantially limit one or more major life activities, see 42 U.S.C. § 12102(1)(A), in either the Second Amended Complaint or the Proposed Third Amended Complaint.  Moreover, as the magistrate judge found, Rickmyer has not presented any facts showing a record of impairment.  See id. § 12012(1)(B).

However, Magistrate Judge Rau observed that Rickmyer could be "regarded as"

disabled under the ADA, see id. § 12012(1)(C), if he established that he "has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."  (R&R at 6 [Doc. No. 15]) (quoting 42 U.S.C. § 12102(3)(A)).  Magistrate Judge Rau found that Rickmyer failed to allege the disability that Walker or Johnson regarded or perceived him to have.  (Id.)

In Rickmyer's new proposed amendments, he alleges that Defendants Jungers, Walker, and Johnson observed Rickmyer's pained facial expression and thereafter prevented him from accessing the elevator and skyway.  (Proposed Third Am. Compl. ¶ 3 [Doc. No. 18-1].)   He also alleges that Defendants used his "disability in communication to pretend Rickmyer was insulting them." (Id.)   Under a very liberal construction, this could be construed to mean that Defendants regarded Plaintiff as disabled.[3]

As for the specific conduct in question, Plaintiff alleges that Defendant Johnson "stuck out his arm and with his finger moved my body sideways at the time told [sic] me not to enter the property of A, B, and C Garages, skyways adjacent and public transportation for one year."  (Id. ¶ 26.)  This allegation, however, fails to link

---

[3]  Plaintiff also alleges that on or before May 13, 2013, Jungers, Walker, and Johnson agreed that they would prohibit Plaintiff from entering the garages, skyways, and public transportation for a year.  (Id. ¶ 25.)  This allegation, however, fails to indicate that this agreement was in any way related to Plaintiff's disability; thus, the Court finds that it fails to support an inference that Rickmyer was regarded as disabled.  Likewise, the Court finds that Plaintiff's allegation that, at some unspecified time, he told Defendant Jungers "to do what it takes to have A, B, and C Ramps ADA [c]ompliant"  (id. ¶ 23), fails to demonstrate that Jungers regarded Plaintiff as disabled.

Defendants' conduct with Plaintiff's disability.  Rickmyer also alleges that prior to May 14, 2013, Jungers "took steps to prevent [Plaintiff] from filing a request to Metro Transit and City of Minneapolis to have A, B and C ramps ADA compliant by prohibiting me from entering A, B, and C Garages for one year."  (Id. ¶ 24.)  This allegation fails to specify how preventing Plaintiff from entering the garages prevented him from filing a request.

Plaintiff also alleges in his new proposed allegations that Defendants humiliated him by refusing him access to a waiting area for public transportation and by forcing him to depart from public transportation.  (Id. ¶ 4.)  Again, this allegation does not assert that Plaintiff was denied access to this area or to this service because of a disability.  Similarly, Plaintiff alleges that Defendants Jungers, Walker, and Johnson prohibited him from entering certain garages and skyways (id. ¶ 6), but there is nothing in his allegation indicating that this conduct occurred because of a disability.

Finally, Rickmyer alleges in his new proposed allegations that Defendants were motivated to harm him as a result of a successfully negotiated settlement with the City of Minneapolis and the Defendants' "boss," Michael Martin on another lawsuit that Rickmyer had commenced.  (Id. ¶ 5.)  This allegation contains no mention of disability and Rickmyer also fails to allege that Defendants even had knowledge of the settlement.  In sum, Plaintiff's disability discrimination claims require a high degree of speculation and inference well beyond the standards of Rule 12, even when liberally construed in light of Rickmyer's *pro se* status.

The Court also agrees with the magistrate judge's finding that Rickmyer fails to allege sufficient facts to support a claim of retaliation.   (See R&R at 6-7 [Doc. No. 15].) Section 12203(a) provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."   As Magistrate Judge Rau noted, to establish a prima facie case of retaliation under the ADA, a plaintiff must demonstrate "(1) that he engaged in statutorily protected activity, (2) that an adverse action was taken against him, and (3) a causal connection between the adverse action and the protected activity."   (R&R at 7 [Doc. No. 15]) (quoting Amir v. St. Louis Univ., 184 F.3d 1017, 1025 (8th Cir. 1999) (internal citations omitted)).   The Court agrees with the magistrate judge that Rickmyer fails to allege that he engaged in any statutorily protected activity  (Id.)   He contends that Defendants prevented him from "observing the ADA violations in A, B, and C Garages," but there is no indication that Rickmyer "made a charge, testified, or assisted . . ." in any type of proceeding described in the ADA.  See 42 U.S.C. § 12203(a); Third Proposed Am. Compl. ¶ 6 [Doc. No. 18-1].  He later alleges that he "sent a request" to the Minneapolis City Council in July 2014, but fails to identify what the request or requests concerned.  (Third Proposed Am. Compl. ¶¶ 30-32 [Doc. No. 18-1].)

To the extent that his allegation concerning the settlement of another lawsuit constitutes statutorily protected activity (id. ¶ 5), Rickmyer merely asserts, in conclusory

12

fashion, that Defendants Walker and Johnson set out to harm him because of the settlement.  (Id.)  He fails to allege the general nature of the other lawsuit that resulted in settlement and, again, also fails to allege that Walker and Johnson had any knowledge of the settlement.  To infer that Defendants' knowledge of that settlement prompted them to harm Plaintiff again requires speculation.  Under Rule 12, while a plaintiff is entitled to all reasonable inferences, the factual allegations in a complaint must raise the claims above the level of speculation.  Twombly, 550 U.S. at 555.  Even a generous treatment of the facts here fails to meet this standard.

Moreover, although Plaintiff seeks both injunctive and monetary relief – specifically requesting punitive damages for violations of the ADA – Title III of the ADA only provides an individual claimant with the remedy of preventive or injunctive relief, 42 U.S.C. § 2000a.  See Woods v. Wills, 400 F. Supp. 2d 1145, 1163 (E.D. Mo. 2005) (citing, *inter alia,* Steger v. Franco, Inc., 228 F. 3d 889, 892 (8th Cir. 2000)).  Not only is Plaintiff not entitled to monetary damages, but a primary form of injunctive relief is now moot.  Plaintiff contends that Defendants barred him from certain skyways, escalators, waiting areas, and garages for one year, starting on May 14, 2013.  (Proposed Third Am. Compl. ¶¶ 24-25 [Doc. No. 18-1].)  Any such ban elapsed in May 2014.  In fact, Plaintiff's new proposed allegations demonstrate that he has gained access to the previously off-limits ramps in question:  he alleges that he entered the A, B, and C ramps

on July 10 and 14, 2014 to send an unspecified request to the Minneapolis City Council.[4] (Id. ¶¶ 30-32.)

To the extent that Plaintiff requests injunctive relief requiring Defendants to terminate any and all forms of discrimination against disabled persons, to develop and provide ADA training, and to require all City of Minneapolis buildings to be ADA-compliant (id. at 22-23), the ADA already prohibits disability discrimination and sets forth the requirements for notice and compliance.  And absent clear evidence to the contrary, public officers performing official duties are entitled to a presumption that they have properly performed their official duties.  See United States v. Chem. Found, Inc., 272 U.S. 1, 14-15 (1926) (citations omitted).  In short, the requirements of the ADA provide the additional oversight that Rickmyer seeks.

Under a Rule 12 standard of review, a complaint must contain enough facts  – rather than conclusory statements – to rise above a speculative level.  Twombly, 550 U.S. at 555.  While the Court views *pro se* complaints liberally, Atkinson, 91 F.3d at 1129, the Proposed Third Amended Complaint represents Rickmyer's fifth attempt to articulate the bases for his disability-related claims against Defendants for the actions occurring on or about May 14, 2013.  This fifth attempt fails to meet the Rule 12 standard of review,

---

[4]  In Paragraphs 30-32, Plaintiff cross-references Exhibits C, D, and E, which are presumably his requests to the Minneapolis City Council.  (Proposed Third Am. Compl. ¶¶ 30-32 [Doc. No. 18-1].)  However, no such exhibits to the Proposed Third Amended Complaint appear to have been filed.

even when liberally applied.  The Court therefore agrees with the magistrate judge that Rickmyer fails to state an ADA claim on which relief can be granted.

Likewise, because MHRA claims are generally analyzed under the same standard as claims under the ADA, Kammueller v. Loomis, Fargo & Co., 383 F.3d 779, 784 (8th Cir. 2004), Rickmyer also fails to state a cognizable claim under the MHRA.

## B.     42 U.S.C. § 1983

Plaintiff's claim under 42 U.S.C. § 1983 in the Proposed Third Amended Complaint [Doc. No. 18-1] is identical to his § 1983 claim in the Second Amended Complaint [Doc. No. 13].  Rickmyer alleges that Defendants violated his First Amendment rights.  (Proposed Third Am. Compl. ¶ 81 [Doc. No. 18-1].)

In addition, Rickmyer makes a cursory allegation that his rights were also violated under the Fourth and Fourteenth Amendments.  (Id.)  However, as the magistrate judge found, Rickmyer alleges no facts in support of a Fourth and Fourteenth Amendment violation (R&R at 9, n.9 [Doc. No. 15]), and the Court finds that he fails to state a claim for which relief can be granted with respect to the Fourth and Fourteenth Amendments.

As to his First Amendment claim, Plaintiff contends that Defendants retaliated against him

> for exercising my First Amendment rights to freedom of speech (particularly political speech, which is the most protected form of speech), freedom of expression (particularly facial expressions caused by pain), freedom of association, right to petition government for change and redress, right to be disabled in communication, and physically disabled.

(Proposed Third Am. Compl. ¶ 81 [Doc. No. 18-1].)

15

As this Court has observed, "speech," in the First Amendment context, "'is not construed literally, or even limited to the use of words.'" Occupy Minneapolis v. Cnty. of Hennepin, 866 F. Supp. 2d 1062, 1068 (D. Minn. 2011) (quoting Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 309 F.3d 144, 158 (3rd Cir. 2002)).  While the First Amendment protects literal speech, it also protects some expressive conduct, id. (citation omitted), "as long as it is 'sufficiently imbued with elements of communication.'"  Id. (quoting Spence v. Washington, 418 U.S. 405, 409-10 (1974) (per curiam)).

As the magistrate judge correctly observed, a prima facie First Amendment retaliation claim under §1983 requires a plaintiff to show that "(1) he engaged in a protected activity; (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity." (R&R at 8 [Doc. No. 15]) (citing Santiago v. Blair, 707 F.3d 984, 991 (8th Cir. 2013)).

The Court agrees with Magistrate Judge Rau that none of Plaintiff's allegations support his claim of a First Amendment violation.  The only new factual allegation in the Proposed Amended Third Complaint that is relevant to free speech is Rickmyer's claim that by prohibiting his entry to the A, B, and C Garages and adjacent skyways, Jungers, Walker, and Johnson prevented him from observing ADA violations, which, in turn, prevented him from exercising "Protected Speech."  (Proposed Third Am. Compl. ¶ 6 [Doc. No. 18-1].)  Contrary to Rickmyer's apparent belief that his solitary observance of alleged ADA violations constitutes a form of protected speech or activity, or that his

16

actions in attempting to enter the garages or skyways constitute protected speech or activity, these actions, in this context, do not involve an element of communication that implicates the First Amendment.  See Occupy Minnesota, 866 F. Supp. 2d at 1062. Nothing suggests that without access to the garages or skyways, Rickmyer could not express himself.  Nor does Rickmyer allege that after he engaged in any expressive or communicative conduct protected by the First Amendment, such as protesting or picketing see Phelps-Roper v. City of Manchester, Mo., 697 F.3d 678, 686 (8th Cir. 2012), Defendants retaliated against him.

To the extent that Rickmyer alleges that his right to petition the government was violated (Proposed Third Am. Compl. ¶ 24 [Doc. No. 18-1]), his claim still fails.  Again, nothing in Plaintiff's pleading suggests that by being denied access to certain parking garages or nearby facilities, he was somehow unable to petition the City of Minneapolis or any government entity.  In addition, even assuming that Rickmyer has identified a protected speech activity, "the First Amendment does not guarantee access to property for speech activities simply because it is government owned." Occupy Minneapolis, 866 F. Supp. 2d at 1068.

For all of these reasons, the Court finds that the Proposed Third Amended Complaint does not state a § 1983 claim for which relief can be granted, even applying a liberal construction to Plaintiff's claims.  As with his discrimination claims, Plaintiff has had five opportunities to plead this claim and has failed to sufficiently state a plausible claim for relief.

17

**C.     42 U.S.C. § 1985**

Plaintiff's claim under 42 U.S.C. § 1985 in the Proposed Third Amended

Complaint in Paragraphs 79-86 [Doc. No. 18-1] is identical to his § 1985 claim in the

Second Amended Complaint in Paragraphs 76-83 [Doc. No. 13].  Rickmyer alleges that

Jungers, Walker, and Johnson conspired "to refuse to vindicate, refuse to protect, or not to

infringe on the constitutional rights of disabled persons in . . . Minneapolis."  (Proposed

Third Amended Complaint ¶ 88 [Doc. No. 18-1].)  Section 1985 provides, in relevant

part:

> If two or more persons in any State or Territory conspire . . . , for the
> purpose of depriving, either directly or indirectly, any person or class of
> persons of the equal protection of the laws, or of equal privileges and
> immunities under the laws; or for the purpose of preventing or hindering the
> constituted authorities of any State or Territory from giving or securing to
> all persons within such State or Territory the equal protection of the laws; . .
> .  in any case of conspiracy set forth in this section, if one or more persons
> engaged therein do, or cause to be done, any act in furtherance of the object
> of such conspiracy, whereby another is injured in his person or property, or
> deprived of having and exercising any right or privilege of a citizen of the
> United States, the party so injured or deprived may have an action for the
> recovery of damages occasioned by such injury or deprivation, against any
> one or more of the conspirators.

42 U.S.C. § 1985(3).  While Rickmyer does not specify which provision of § 1985

applies to his claim, the Court agrees with the magistrate judge that the provision quoted

above is the only provision reasonably related to Plaintiff's claims.  (See R&R at 9, n.8

[Doc. No. 15].)

As Magistrate Judge Rau properly observed, § 1985(3) does not confer any

substantive rights, but rather, any rights to be vindicated by this provision "must be found

elsewhere . . . ." (Id.) (citing United Bhd. of Carpenters & Joiners of Am., Local 610,

AFL-CIO v. Scott, 463 U.S. 825, 833 (1983)).  The rights, privileges, and immunities at

issue in Rickmyer's constitutional claims appear to be grounded in the First Amendment.

(See Proposed Third Am. Compl. ¶¶ 40-41; 81 [Doc. No. 18-1].)  The Court agrees with

the magistrate judge that Rickmyer fails to allege facts sufficient to support his

underlying First Amendment claim, as discussed above, and that he also only asserts legal

conclusions that "Defendants acted alone and/or together . . . in furtherance of this tacit

agreement or conspiracy. . . ." without identifying any supporting facts.  (Id. ¶ 89.)  The

Court therefore concludes that despite having had multiple opportunities to state a claim

under § 1985, Plaintiff fails to do so.

### D.    Remaining Claims

Rickmyer asserts the following remaining claims, all of which are without merit:

(1) in Count VII, he alleges that Minneapolis and ABM violated 42 U.S.C. § 1986 by

failing to prevent the conspiracy alleged under § 1985; (2) in Count VIII, he alleges that

Minneapolis and ABM violated § 1983 in what the magistrate judge properly

characterized as an apparent amalgam of Rickmyer's § 1983 and § 1985 claims; (3) in

Count IX, he alleges that ABM is vicariously liable for the actions of Jungers, Walker,

and Johnson; (4) in Count X, he alleges that ABM was an agent of Minneapolis, that

Minneapolis failed to train or supervise ABM and Jungers, that Minneapolis is liable for

ABM and Jungers' § 1983 violations, and that Minneapolis is vicariously liable for the

actions of Jungers, Walker, and Johnson; and (5) in Count XI, he alleges that Minneapolis

is liable for the violations of his civil rights under <u>Monell v. Dep't of Soc. Servs</u>, 436 U.S. 658 (1978).

Because the Court has found that all of the underlying claims pursuant to § 1983 and § 1985 fail to state a claim for which relief can be granted, these additional claims likewise fail, because they are based on the underlying claims.  To the extent that Rickmyer asserts that Jungers, Walker, and Johnson violated any of his rights under the Fourth, Fifth, and Fourteenth Amendments (Proposed Third Am. Compl. ¶ 103 [Doc. No. 18-1]), the Court agrees with the magistrate judge that no facts support these allegations sufficient to state a plausible claim for relief.

Finally, Rickmyer has filed additional motions, also pending before the Court.  In light of this ruling, Rickmyer's Motion to Appoint Counsel [Doc. No. 3] is denied as moot and his two motions to supplement the pleadings [Doc. Nos. 17 & 18] are likewise denied as moot.  To the extent that Plaintiff requests an evidentiary hearing related to his motions to supplement the pleadings, it is denied.

### E.     Limited Restriction

A *pro se* litigant has a right of access to the courts, but that right does not guarantee an unrestricted opportunity to file frivolous, malicious, or abusive lawsuits. <u>See</u> <u>In re Tyler</u>, 839 F.2d 1290, 1292 (8th Cir. 1988).  Although the Court does not necessarily characterize this lawsuit as frivolous, malicious, or abusive, it is duplicative. Not only do duplicative lawsuits impose a burden on the parties who must respond, they impose an often unnecessary burden on the limited resources of the courts.  <u>See</u> <u>In re</u>

Martin-Trigona, 573 F. Supp. 1237, 1242 (D. Conn. 1983) (stating that an obvious effect

of excessive litigation is the unnecessary burden placed on court resources).  As stated

throughout this ruling, Rickmyer has had five opportunities to perfect his pleadings

related to these Defendants, the claims in this action, and the events occurring on or about

May 14, 2013.  The Court recognizes that as a *pro se* litigant, Plaintiff's pleadings are to

be liberally construed.  Atkinson, 91 F.3d at 1129.   However, even giving a liberal

construction to Rickmyer's multiple pleadings, the Court agrees with the magistrate judge

that in light of Plaintiff's numerous efforts to assert these claims, any new complaint that

he might file on this set of facts would likewise fail to state a claim on which relief can be

granted.  Accordingly, for all of these reasons, the Court dismisses this action without

prejudice, subject to a limited restriction, enjoining Plaintiff from filing a future lawsuit

against these Defendants relating to the subject matter of this suit unless he is either

represented by counsel or has obtained prior court approval.  See Smith v. Ghana

Commercial Bank, Ltd., No. 10-CV-4655 (DWF/JJK), 2012 WL 2923543, at *2 (D.

Minn. July 18, 2012) (adopting R&R enjoining the plaintiff, who had three attempts to

draft his pleadings related to the subject matter of the suit, and appeared to be filing

frivolously, from filing any future case against the defendant relating to the subject of the

suit without first obtaining leave of court).

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     Plaintiff's Application for Leave to Proceed *In Forma Pauperis* [Doc. No.

2] is **DENIED AS MOOT**;

21

2.      Plaintiff's Motion to Appoint Counsel [Doc. No. 3] is **DENIED AS MOOT**;

3.      The Report and Recommendation [Doc. No. 15] is **ADOPTED**, as modified by requiring the limited restriction noted herein;

4.      Plaintiff's Objections to the Report and Recommendation [Doc. No. 16] are **OVERRULED;**

5.      Plaintiff's Motion for Leave of Court to Supplement the Pleadings [Doc. No. 17] is **DENIED AS MOOT**;

6.      Plaintiff's Motion for Leave of Court to Supplement the Pleadings [doc. No. 18] is **DENIED AS MOOT**;

7.      This action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

8.      Plaintiff is enjoined from filing a future lawsuit against these Defendants relating to the subject matter of this suit unless he is either represented by counsel or has obtained prior court approval.


LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:   January 30, 2015

                                        s/Susan Richard Nelson
                                        SUSAN RICHARD NELSON
                                        United States District Court Judge